Mateo Jose **CASTANEDA–GONZALES,**
Petitioner,

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,**
Respondent.

No. 99–71321.
INS No. A72–510–156.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 9, 2001.*

Decided March 9, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument.  See Fed. R.App. P. 34(a)(2).

Before D.W. NELSON, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

### MEMORANDUM [**]

 Mateo Jose Castaneda–Gonzales petitions for review of the BIA's order dismissing his appeal from an IJ's order denying his application for asylum and withholding of deportation. He also argues that the IJ made several errors in his decision. But where the BIA engages in its own de novo review, as it did here, we review the BIA's decision only.[1]

 Castaneda asserts that he fled Guatemala because of forced conscription of young male adults, particularly indigenous ones such as himself. Compulsory military service and prosecution for desertion do not constitute persecution under the INA.[2]

 Castaneda also argues that indigenous people are systematically targeted for persecution in spite of treaties to prevent such occurrences. Castaneda did not provide credible, direct, or specific evidence to support his claim.[3] The fact that Castaneda's family continues to live undisturbed in Guatemala further undercuts his claims of a well-founded fear of persecution.[4]

 Castaneda also argues that returnees are persecuted in Guatemala, but the evidence he offered was of an incident that occurred prior to the signing of the 1996 peace accords. The INS offered more recent evidence, and the BIA did not abuse its discretion by concluding that conditions in Guatemala had changed.[5]

**AFFIRMED.**

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. See *Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir.1995).

2. See *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *DeValle v. INS*, 901 F.2d 787, 792 (9th Cir. 1990).

3. See *Pedro–Mateo v. INS*, 224 F.3d 1147, 1150–51 (9th Cir.2000).

4. *Rodriguez–Rivera v. INS*, 848 F.2d 998, 1006 (9th Cir.1988) (holding that Rodriguez failed to demonstrate a well-founded fear of government ore guerrilla persecution in part because his family had remained in El Salvador without incident).

5. *See, e.g., Kumar v. INS*, 204 F.3d 931, 934 (9th Cir.2000) (holding that changed country conditions in Fiji rebutted any presumption that Kumar possessed a well-founded fear of persecution).

